UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 18-CR-** |
| | : | |
| v. | : | **VIOLATION:** |
| | : | **18 U.S.C. § 1957 (Engaging in Monetary** |
| **JAMES GILBERT PADILLA,** | : | **Transactions in Property Derived From** |
| | : | **Specified Unlawful Activity)** |
| Defendant. | : | |
| | : | **FORFEITURE ALLEGATION:** |
| | : | **18 U.S.C. § 982(a)(1), and 21 U.S.C.** |
| | : | **§ 853(p)** |

## INFORMATION

The United States Attorney charges that:

### COUNT ONE

1.  Between on or about February 15, 2017, and on or about February 17, 2017, Defendant JAMES GILBERT PADILLA did knowingly engage and attempt to engage in a monetary transaction, that is, by causing check number 1450 drawn from R&R Mechanical Contractors, Inc.'s Service Division Account at Sun Trust Bank (account number xxxxxxxx3267) in the amount of $20,000 to be deposited into the Defendant's trial and litigation support business's account at JP Morgan Chase (account number xxxxx1097), and the transfer of funds by, through and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, and such property having been derived from specified unlawful activity, that is bank fraud.

**(Engaging in Monetary Transactions in Property Derived from
Specified Unlawful Activity, in violation of Title 18, United States Code, Section 1957)**

### FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One, the Defendant shall forfeit to the United States any property, real or personal, involved in this offense, or any property traceable to

such property, pursuant to 18 U.S.C. § 982(a)(1). The United States will also seek a forfeiture money judgment against the defendant in the amount of $20,000.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 982(a)(1), and Title 21, United States Code, Section 853(p))

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

By: _____
DAVID B. KENT, D.C. Bar No. 482850
KONDI KLEINMAN, CA Bar. No. 241277
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 272-7762 (Kent)
(202) 252-6887 (Kleinman)
David.Kent@usdoj.gov
Kondi.Kleinman2@usdoj.gov

DATED: April 6, 2018